**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                        Case No.  1:04-CR-232-02-BBM

**HOANG NGUYEN**
a/k/a Hoang S. Nguyen                                      Defendant's Attorney:
                                                                                  Nelson Tyrone

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant was found guilty by jury on Count(s) 1 and 34 of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. §§ 1956(a)(1), 1957 and 1956(h) | Conspiracy to Commit Money Laundering | 1s |
| 18 U.S.C. §1957 | Engaging in Money | 34s |

The defendant is sentenced as provided in pages 2 through  5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) 1 of the original Indictment is dismissed as moot.

It is ordered that the defendant shall pay the special assessment of **$200.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        XXX-XX-9409                    Date of Imposition of Sentence:6/8/2007
Defendant's Date of Birth:         1965
Defendant's Mailing Address:
Duluth, GA

Signed this the 11th day of June, 2007.

                                                                              s/Beverly B. Martin
                                                                              BEVERLY B. MARTIN
                                                                              UNITED STATES DISTRICT JUDGE

1:04-CR-232-02-BBM : HOANG NGUYEN

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **235 months on Count 1s and 120 months on Count 34s, with terms to be served concurrently.**

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:04-CR-232-02-BBM : HOANG NGUYEN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years on each of Counts 1s and 34s, with terms to be served concurrently.**

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d) which require mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

The defendant shall submit to a search of his person, property, real or personal, residence, place of business or employment and/or vehicle(s) at the request of the United States Probation Officer.

1:04-CR-232-02-BBM : HOANG NGUYEN

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:04-CR-232-02-BBM : HOANG NGUYEN

## FORFEITURE

It is Ordered that all of the Defendant's right, title and interest in the property identified in the Preliminary Order of Forfeiture dated April 27, 2007, which is hereby incorporated by reference (see attachment), are forfeited.