ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 27 2007

By JAMES N. HATTEN, Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,          :
                                   :
                                   :     CRIMINAL ACTION
          v.                       :
                                   :     NO. 1:04-CR-232-2/4/5/6-BBM
HOANG NGUYEN,                      :     (Superseding)
TERRI NGUYEN,                      :
JENNY NGUYEN,                      :
NHUNG NGUYEN,                      :
                                   :
          Defendants.             :

## PRELIMINARY ORDER OF FORFEITURE

The jury having found the Defendants Hoang Nguyen, Terri Nguyen, Jenny Nguyen, and Nhung Nguyen guilty of Count One of the Superseding Indictment, pursuant to which the Government sought the forfeiture of certain property under 18 U.S.C. § 892(a)(1), and the Court having determined, based upon the agreement of the parties and the jury's findings during the forfeiture phase of the trial that the properties described below are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1), that the Government has established the requisite nexus between said properties and the offenses charged in Count One of the Superseding Indictment;

IT IS HEREBY ORDERED that the Defendants shall forfeit to the United States the following properties, pursuant to 18 U.S.C. § 982(a)(1), as property involved in or traceable to the commission of a violation of 18 U.S.C. § 1956(h) set forth in Count One of the Superceding Indictment:

a.  Real property located at 2337 Hunt Crest Way, Lawrenceville, Gwinnett County, Georgia;

c.  2004 Lexus RX330, VIN JTJGA31U740010090;

d.  2003 Infiniti G35 Coupe, VIN JNKCV54E93M226003;

e.  $50,000.00 in U.S. Currency from Bank of America safe deposit box no. 114;

f.  Assorted Jewelry seized from Bank of America safe deposit box no. 114 and from 2337 Hunt Crest Way, Lawrenceville, Gwinnett County, Georgia;[3]

g.  $5,650.32 in U.S. Currency from Bank of America account no. XXXXXXX6056;

h.  $4,1410.78 in U.S. Currency from Bank of America account no. XXXXXXX7187;

i.  $40,282.00 in U.S. Currency seized from 2337 Hunt Crest Way, Lawrenceville, Gwinnett County, Georgia;

---

[3]The United States agreed to return one HP Pavilion ZE4600 laptop computer, serial no. NF4022RBN, and the following items of jewelry: one jade bracelet (item number 1), one jade pendant (item number 20 corrected and 22 uncorrected), one jade ring (item number 4), one charm bracelet (item number 12 corrected and 14 uncorrected), one chain bracelet with caged spheres (item number 13 corrected and 11 uncorrected), one bird pendant (item number 18 corrected and 16 uncorrected), one ring with red stone and diamonds (item number 4), four wedding bands (items 17 corrected and 19 uncorrected, 18 corrected and 20 uncorrected, 14 corrected and 16 uncorrected, and 15 corrected and 17 uncorrected), one multiple diamond ring (item 11), one ivory Buddha figurine (item 6), one "bangle" ring (item 9), and one bangle bracelet (item 12).  In light of this agreement, these items are hereby exempted from forfeiture unless the parties agree otherwise.

j.  $40,940.00 in U.S. Currency seized from Nhung Nguyen Jewelry Store;

k.  2002 Mercedes S500, VIN WDBNG75J02A311175;

l.  $11,789.05 in U.S. Currency seized from Wachovia Bank account no. XXXXXXX6390;

m.  Funds maintained at Scottrade account no. XXXXX3086;

n.  Colonial Bank check no. 339 in the amount of $5,000.00;

o.  Colonial Bank check no. 340 in the amount of $5,000.00;

p.  $1,759.64 in U.S. Currency seized from 2337 Hunt Crest Way, Lawrenceville, Gwinnett County, Georgia;

q.  9mm model 85.F Beretta handgun, serial no. 277124, two magazines, and all rounds of ammunition seized from a 2003 Infiniti G35 Coupe on March 31, 2004.

r.  Real property located at 3229 Arbor Ridge, Atlanta, DeKalb County, Georgia;

s.  $3,758.00 in U.S. Currency seized from Nhung Nguyen;

t.  $2,670.00 in U.S. Currency seized from Hoang Nhung Jewelry Store on March 31, 2004;

u.  $30,350.00 in U.S. Currency seized from Hoang Nhung Jewelry Store on March 31, 2004;

v.  2002 Lexus RX300, VIN JTJGF10U520146867;

w.  MAK 90 Sporter Norinco assault rifle, serial no. 94635710, two 30 round magazines, and all rounds of

3

ammunition seized from Hoang Nhung Jewelry Store on March 31, 2004;

x. Mossberg 500A 12 gauge shotgun, serial no. J703571 and all shotgun shells seized from 3229 Arbor Ridge on March 31, 2004;

y. a personal money judgment in the amount of $4,200,000.00.

IT IS HEREBY ORDERED that, upon the entry of this Order, the United States Attorney General, or his designee, is authorized to seize the above-listed properties in accordance with Fed. R. Crim. P. 32.2(b)(3).

IT IS HEREBY FURTHER ORDERED that, upon entry of this Order, the United States Attorney General, or his designee, is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish notice of this Order and its intent to dispose of the properties in such a manner as the United States Attorney General, or his designee, may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the above-listed properties.

Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982(b)(1), any person, other than the named Defendants,

4

asserting a legal interest in the above-described properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the properties, and for an amendment to the Order of Forfeiture. Any petition filed by a third party asserting an interest in the above-described properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the properties, the time and circumstance of the petitioner's acquisition of the right, title, or interest in the properties, any additional facts supporting the petitioner's claim, and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the properties following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture is hereby final as to the Defendants.   If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED this _____27th_____ day of _____April_____, 2006.


_____
BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE


Presented by:


/s/ Jenny R. Turner
Jenny R. Turner
Assistant U.S. Attorney