IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HOANG NGUYEN, | : | MOTION TO VACATE |
| BOP No. 55774-019, | : | 28 U.S.C. § 2255 |
| Movant pro se, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-109-RLV-WEJ |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:04-CR-232-2-RLV-WEJ |

## **FINAL REPORT AND RECOMMENDATION**

Movant pro se, Hoang Nguyen, filed a 163-page Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Mot. [1044].) For the following reasons, the undersigned **RECOMMENDS** that the Motion be **DENIED** and that a certificate of appealability be **DENIED**.

In 2005, the United States obtained a superseding indictment charging Hoang Nguyen ("Hoang"), Terri Nguyen ("Terri"), Nhung Nguyen ("Nhung"), Jenny Nguyen ("Jenny"), and ten others with conspiring to launder money and engage in related crimes in the Northern District of Georgia and elsewhere [276]. Several of the defendants pled guilty. In May 2006, Hoang, Terri, Nhung, and Jenny were tried together in an eight-day jury trial, and all were found guilty on Count One, which charged them with "conspiracy to commit money laundering in violation of 18 U.S.C.

§§ 1956(a)(1), 1957 and 1956(h)." See United States v. Nguyen, 325 F. App'x 724, 725 (11th Cir. 2008) (per curiam); (see also Jury Verdicts [609-612]).

Hoang was held accountable for laundering $7,005,304 and sentenced to a 235-month term of imprisonment on Count One. On direct appeal, the Eleventh Circuit upheld both the determination of the amount of money laundered and the 235-month term of imprisonment. Nguyen, 325 F. App'x at 725.[1] Hoang's petition for certiorari was denied in March 2009. Nguyen v. United States, _U.S. _, 129 S. Ct. 1653 (2009).

On January 13, 2010, Hoang filed a § 2255 Motion. The following day, the trial judge, the Honorable Beverly B. Martin, directed Magistrate Judge C. Christopher Hagy to appoint counsel to represent Hoang [1046]. On January 20, 2010–the same day her appointment to the United States Court of Appeals for the Eleventh Circuit was confirmed by the United States Senate–Judge Martin issued an

---

[1] The Honorable Beverly B. Martin, who presided over the trial of the four Nguyens, had also sentenced Hoang to a concurrent 120-month sentence on a second count. That portion of Hoang's sentence was eliminated after the Government alerted the Eleventh Circuit that the jury had not returned a verdict on the second count. Nguyen, 325 F. App'x at 726 n.1. Although Judge Martin did not enter a new judgment and commitment order in place of the original judgment and commitment order [849], she did adopt the mandate of the Eleventh Circuit as the judgment of this Court [1009]. The Honorable Robert L. Vining, Jr. has since returned to Hoang the $100 special assessment collected with respect to the second count [1081].

amended Order directing Magistrate Judge Alan Baverman to appoint counsel to represent Hoang [1047].

Magistrate Judge Baverman appointed Attorney Adam M. Hames [1050]; however, tension evidently arose between Hoang and appointed counsel [1053, 1055, 1056]. According to Attorney Hames, one source of tension was his "significant investigation of the petition filed by [Hoang] and the facts of his case" and attempt "to narrow the issues in the petition." (Hames Resp. [1055] ¶¶ 3, 4.)

To move this case forward, the undersigned entered an Order directing appointed counsel to file a response "updating the Court" on any further communication with Hoang and requiring counsel either to file (1) an amended § 2255 motion on Hoang's behalf if the two of them had agreed on a narrower set of issues to be pursued or (2) a response indicating that he had reviewed and personally certified Hoang's initial § 2255 Motion. (Order of Nov. 21, 2011 [1070], at 2-3.) "In order to preserve the issues that [Hoang] believes have merit," Attorney Hames sought permission to withdraw so that Hoang could "be allowed to pursue his case as he sees fit." (Hames Resp. [1073] ¶ 5.) The undersigned granted that motion [1075].

AO 72A
(Rev.8/82)

The undersigned has reviewed Hoang's 163-page § 2255 Motion.[2] Hoang asserts that he received ineffective assistance of counsel at trial (Mot. 18-24) because counsel (1) withheld exculpatory evidence (id. at 25-56), (2) failed to challenge "police misconduct" (id. at 57-74), (3) failed to file for severance of his trial from that of his co-conspirators (id. at 75-80), and (4) failed to file a Rule 404(b) motion (id. at 81-134). Hoang also argues that forfeiture proceedings against him violated his constitutional rights (id. at 135-50) and that he should not have been tried in the Northern District of Georgia because venue did not lie here (id. at 151-59).

Strickland v. Washington, 466 U.S. 668 (1984), and the cases that have followed have established the two-part test that Hoang must satisfy to demonstrate that his counsel provided ineffective assistance. First, he must "show that counsel's

---

[2] Despite its enormous length, the Motion does little to illuminate the issues it purports to raise. That is so because it consists almost entirely of quoted or paraphrased passages from treatises, prior filings, letters, the federal rules, advisory committee notes, and other legal materials. Much of the remainder of the Motion recapitulates irrelevant procedural history. The scattered handful of paragraphs that specifically allege errors in Hoang's case are conclusory and do not connect the "argument" in his brief to the case facts.

The undersigned notes that Hoang's § 2255 Motion states that he does not understand English and that he has used an interpreter in all significant court proceedings. (Mot. 57.) Whether Hoang acted as his own attorney despite his difficulty with English or relied on another inmate, the negative consequences of doing so are manifest in his § 2255 Motion. It is unfortunate that, even after counsel was appointed to work with Hoang, he declined to work with counsel.

4

performance was deficient." Strickland, 466 U.S. at 687. Second, he must show that "the deficient performance prejudiced the defense . . . that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

Hoang's first ineffective assistance of counsel claim charges that his attorney withheld important evidence from the jury (and Hoang). That evidence was the opinion of an expert retained on Hoang's behalf concluding that the voice exemplar provided to the expert contained "insufficient audio material on which to base a voiceprint comparison" with the audiotapes of conversations in which Hoang participated that the Government proposed to introduce at trial. (Mot. 42.) Hoang argues that this opinion is "exculpatory." Hoang is mistaken. Rather than being "exculpatory," that opinion is inconclusive. The expert simply concluded that he could not tell from the voice exemplar that Hoang had provided to him whether it was (or was not) Hoang's voice on the Government's audiotapes. Trial counsel's decision not to use an inconclusive report did not constitute ineffective assistance. See, e.g., Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

Furthermore, Hoang is wrong to characterize this as a violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963). First, Brady applies only to evidence

AO 72A
(Rev.8/82)

withheld by the Government. In this instance, it was Hoang's attorney, not the Government, to whom the expert had reported that the voice examplar was inadequate. Second, even if Brady applied, there would have been a Brady violation only if the evidence withheld by the Government was (1) favorable to the accused (because it was exculpatory or impeaching) and (2) material (so that its non-disclosure caused the defendant prejudice). See, e.g., Cone v. Bell, 556 U.S. 449, 469-70 (2009); Strickler v. Greene, 527 U.S. 263, 281-82 (1999); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 745-46 (11th Cir. 2010). Here, the expert's opinion was neither "favorable" to Hoang, nor "material" to his conviction for money laundering. The expert merely concluded that "there was insufficient audio material on which to base a voiceprint comparison." As noted above, that was not exculpatory; it was inconclusive. Moreover, even assuming for the sake of discussion that the expert's opinion was "favorable" to Hoang, it would only be material if there was a "reasonable probability that the withheld evidence would have altered at least one juror's assessment [of the case]." Cone, 556 U.S. at 452. That probability is judged not by viewing the withheld evidence in isolation, but rather in light of all other evidence. See Kyles v. Whitley, 514 U.S. 419, 436 (1999); see also Maharaj v. Sec'y for Dep't of Corr., 432 F.3d 1292, 1309-10 (11th Cir. 2005). The money laundering case against Hoang was so

6

overwhelming that a single person's opinion questioning whether it was Hoang's voice on the Government's audiotapes could not "'reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" Strickler, 527 U.S. at 290 (quoting Kyles, 514 U.S. at 435). So, even if it was Brady material, the expert's opinion was not "material" within the meaning of Brady.

Hoang next argues that his attorney provided ineffective assistance because he did not challenge "police misconduct." There appears to be two prongs to this claim: first, that his attorney did not challenge the alleged failure of the police to provide a Miranda[3] warning to Hoang; and second that his attorney did not challenge an alleged failure of the police to "knock and announce" before performing a warrantless search of Hoang's home. The first prong is immaterial because Hoang points to nothing in the transcript from the eight-day trial that suggests that any statements he made while in custody were used against him. The second prong is meritless. Notwithstanding Hoang's contention that his home was subjected to a warrantless search because no warrant was shown to him (Mot. 67), there is ample indication in the record that there was, in fact, a warrant for the search about which Hoang complains and that the validity of that warrant was extensively litigated [152-53, 222, 264, 366, 431, 539].

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

Because the warrant was determined to be valid, Hoang's attorney's decision not to challenge it cannot be considered ineffective assistance. See, e.g., Bolender, 16 F.3d at 1573 ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

Hoang's argument that his counsel was ineffective for failing to file for severance is also without merit. As the Eleventh Circuit has observed, there is a "solid body of law favoring joint trials and placing a heavy burden on those who want to be tried separately." United States v. Lopez, 649 F.3d 1222, 1233 (11th Cir. 2011). Indeed, that "rule is even more pronounced in conspiracy cases where the refrain is that 'defendants charged with a common conspiracy should be tried together.'" Id. at 1234 (quoting United States v. Beale, 921 F.2d 1412, 1428 (11th Cir. 1991)). Because Hoang has not articulated in his § 2255 Motion why his case should have been one of the rare exceptions to the rule that co-conspirators should generally be tried together, he has not demonstrated that his counsel was ineffective for failing to file a motion requesting severance.

Hoang also argues that his counsel was ineffective for failing to file a Rule 404(b) motion. (Mot. 80.) Federal Rule of Evidence 404(b) relates to the introduction of evidence of crimes, wrongs, and other acts to prove a person's character. Hoang

8

AO 72A
(Rev.8/82)

points to no instance in the trial transcript where the Government did that. Instead, Hoang argues that a Rule 404(b) motion would have limited the use of hearsay evidence and then spends many pages discussing hearsay without relating that discussion to his own case. (Mot. 83-99.) Because it is impossible to discern any factual basis on which Hoang's counsel might be deemed to have provided ineffective assistance at trial–either with respect to the introduction of character evidence or the use of hearsay–Hoang is not entitled to relief on this ground.

Hoang's allegation that the forfeiture proceedings in his case violated his constitutional rights is beyond the scope of a proceeding under § 2255. Section 2255 proceedings focus on the custodial elements of sentences, not restitution, fines, or property ownership. See, e.g., Blaik v. United States, 161 F.3d 1341, 1342 (11th Cir. 1998) ("relief from restitution is a remedy not authorized by" § 2255); United States v. Gaudet, 81 F.3d 585, 592 (5th Cir. 1996) ("a challenge to a cash fine . . . does not meet the 'in custody' requirement of § 2255"). Hoang is not entitled to relief under § 2255 with respect to the forfeiture proceedings in his case.

Finally, Hoang's argument that venue did not lie to prosecute him in the Northern District of Georgia is frivolous. "In trying a defendant for conspiracy, venue is proper in any district where an overt act was committed in the course of the

9

conspiracy." United States v. Long, 866 F.2d 402, 407 (11th Cir. 1989); see also 18 U.S.C. §§ 1956, 1957. There was ample evidence during the course of the eight-day trial that overt acts were committed by Hoang in the Northern District of Georgia. Hoang's argument that some acts were committed elsewhere does not mean that venue was not proper here. Hoang is not entitled to relief on this basis.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Hoang has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable.

AO 72A
(Rev.8/82)

The undersigned **RECOMMENDS** that Hoang's § 2255 Motion [1044] be **DENIED** and that Hoang be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED**, this 16th day of August, 2012.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)