FILED IN CHAMBERS
U.S.D.C. - Rome
DEC 19 2012
JAMES N. HATTEN, Clerk
         Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HOANG NGUYEN, BOP No. 55774-019

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION
NO. 1:10-CV-109-RLV

CRIMINAL ACTION
NO. 1:04-CR-232-RLV

O R D E R

This matter comes before the court on the movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. No. 1044]. Magistrate Judge Walter E. Johnson issued a report and recommendation concluding that the movant's motion and certificate of appealability be denied.

The movant contends that he received ineffective assistance of counsel at trial. The movant has filed several objections to the magistrate judge's report and recommendation including: (1) his counsel failed to contest the admissibility of tape recorded evidence; (2) his counsel failed to oppose the violation of his Fourth Amendment right because the police failed to knock and announce when serving a search warrant, the police failed to

present the search warrant, and the search warrant was overbroad; (3) his counsel failed to contest the violation of his Fourth Amendment right pursuant to Miranda v. Arizona, 384 U.S. 435 (1966); (4) his counsel failed to seek severance before trial; and (5) the District Court lacked jurisdiction to prosecute the case.

In order to succeed on an ineffective assistance of counsel claim, a movant must show both (1) that counsel's representation fell below the objective standard of reasonableness and (2) that, but for counsel's inadequate representation, there is a reasonable probability that the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 697 (1984); Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000)

First, the movant alleges that his trial counsel, Nelson Tyrone, was ineffective because tape recorded evidence was allowed into his trial as evidence. However, the issue of the authentication of the movant's voice on the audiotapes was raised and decided by the trial court. In fact, his trial attorney filed a motion in limine on this particular issue and objected to the admission [Doc. Nos. 577 & 579]. The movant does not meet the standard under Strickland.

Second, the movant contends that his counsel was ineffective for failing to bring up alleged Miranda violations during trial.

2

However, as the magistrate judge points out, the movant cites nothing in the record that suggests that any statements he made while in custody were used against him.

Third, the movant argues that his counsel was ineffective for failing to file a motion to suppress the seizure of evidence from his home located at 2337 Huntcrest Way, Lawrenceville, Georgia. However, while the movant is correct that the trial counsel did not file a motion to suppress the search of his home, the validity of that search warrant was litigated before the Honorable Joel Feldman and determined to be valid [Doc. Nos. 152-154, 157, 221-223, 258, 264, 366, 431, 539]. Therefore, the movant cannot satisfy the second prong of Strickland because the evidence would have been admissible.

Fourth, the movant argues that his counsel was ineffective because he failed to file a motion to sever his case from his co-defendants pursuant to Federal Rule of Criminal Procedure 14(a). Movant was indicted with 13 other co-defendants and charged with conspiracy to commit money laundering offenses [Doc. Nos. 98 & 276]. Movant was the main defendant in the case that went to trial. It is the general rule in the Eleventh Circuit that defendants who are jointly indicted should be jointly tried, particularly in conspiracy cases. See United States v. Smith, 918

F.2d 1551, 1559 (11th Cir. 1990). Furthermore, it is presumed that the trial court's cautionary jury instructions will adequately guard against prejudice. See id. In the present case, the movant's counsel did not file a motion to sever. However, the movant cannot show that his counsel's conduct was unreasonable, given the law in this circuit. Moreover, even if the movant could show unreasonableness under Strickland, the movant cannot show that he was prejudiced because he was tried with his co-defendants. The suggestion that the movant would suffer prejudice, without a sufficient showing that the defenses of co-defendants were so antagonistic as to be mutually exclusive, is insufficient to show that severance was warranted. See United States v. Castillo-Valencia, 917 F.2d 494, 498 (11th Cir. 1990).

Fifth, the movant challenges the jurisdiction of the federal court in the Northern District of Georgia. The movant argues that several overt acts of the conspiracy occurred outside of Georgia. The movant was charged with money laundering in violation of 18 U.S.C. §§ 1956, 1957, which occurred in the Northern District of Georgia. The evidence at trial showed that the movant worked as the Atlanta liaison between two criminal organizations. (See Tr. 77-78, 81-83, 85-86, 88, 94, 97-98, 969, 1234, 1419). Therefore,

movant's argument fails, and jurisdiction was proper in the Northern District of Georgia.

Finally, the movant points out that his post-conviction counsel, Mr. Adam Hames, filed a motion to withdraw but he never received notice of whether the court granted the motion to withdraw. He further seems to argue that the lack of assistance from Mr. Hames resulted in the movant having to defend himself in his post-conviction claims. The movant also requests an evidentiary hearing because the entire record is not clear.

The court notes that the magistrate judge issued an order granting Mr. Hames's motion to withdraw [Doc. No. 1075]. Notice was sent to the movant but was returned to the Clerk of Court as undeliverable. In that order, the magistrate judge determined that the court would not appoint substitute counsel because the issues presented did not call for an evidentiary hearing. See Shepherd v. United States, 253 F.3d 585, 587 (11th Cir. 2001) (per curiam) (citing Johnson v. Avery, 393 U.S. 483, 487-88 (1969)). Furthermore, the court finds that an evidentiary hearing is not required because the record is sufficiently clear for the court to determine the issues presented in the movant's § 2255 motion. A hearing is not required "where the petitioner's allegations are

affirmatively contradicted by the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).

After carefully considering the report and recommendation of the magistrate judge, the court receives it with approval and adopts it as the opinion and order of this court.

SO ORDERED, this 19th day of December, 2012.

ROBERT L. VINING, JR.
Senior United States District Judge